WILLIAM FERGUSON, JUN., ADS. THE STATE, EX REL. REEVES ET AL.

1. When judgment on a verdict is entered for six cents damages with costs, which are afterwards taxed at $110.94, and a *capias as satisfaciendum* is issued, endorsed, "amount due, one hundred and eleven dollars; damages and costs, $111," the writ will not be set aside, although the endorsement is not in strict conformity with the statute, which requires the plaintiff to endorse upon every such writ the real debt or damages due and claimed by him and the costs of suit, in words at length.

\* *Rev.*, p. 878, § 198.

2. If the statute is imperative and not merely directory, the departure from it is too small to be fatal to the writ.

3. In the trial of an issue in a case of *mandamus*, where the jury find against the defendant but are silent as to damages and costs, the omission may be corrected by the *postea*.

4. The relators are entitled to recover damages as of course, although not found by the jury, if the verdict is against the defendant.

On writ of *mandamus*.

Upon an issue tried in this case at the Salem Circuit, as to whether the defendant was or was not at the time stated, &c., an overseer of the highways in the township of Upper Alloways Creek, in said county, the jury found against the defendant, and that he was, at the time mentioned, such overseer, but was silent as to damages and costs. Upon the *postea* as returned, it appeared that the jury had assessed damages against the defendant at six cents, in the usual form. Judgment having been rendered, a *capias ad satisfaciendum* was issued and delivered to the sheriff, endorsed as follows: "amount due, one hundred and eleven dollars. Damages and costs, $111." On the return of the execution (the money having been paid under protest) the defendant moved to set aside the writ, as not in conformity with the statute. The defendant also moved to amend the *postea* so as to make it conform to the truth of the finding.

*A. L. Eakin* (with whom was *P. D. Vroom*) contended as to the first motion—

That the statute was imperative and not directory.

That the amount of the damages and the amount of the costs should be endorsed separately, in words at length, on the writ; that such had been the uniform practice under that section of the act and ought not now to be departed from; but that the writ should be set aside.

In support of the second motion they insisted—

That under the act regulating proceedings upon writs of *mandamus* no damages could be adjudged against the defendant, unless awarded by the jury in their verdict, (see

*Nix. Dig.* 490, § 3,) and that as the *postea* did not conform to the verdict it should be amended in that particular.

Contra, *S. A. Allen* and *A. Browning.*

The opinion of the court was delivered by

HAINES, J. An alternative writ of *mandamus* was issued out of this court, directed to William Ferguson, jun., overseer of the highways of the township of Upper Alloways Creek, in the county of Salem, commanding him, upon the receipt of the writ and without delay, to proceed to open, clear out, work, make, and put in good order for public travel, a certain road therein described, or that he show cause to the contrary.

To this writ the defendant, William Ferguson, jun., made return, and therein asserted and certified that, at the time of the service of the writ upon him, he was not, nor at any time since then had been, an overseer of the highways mentioned. To this return there was a replication and an issue made.

To determine the question whether Ferguson, at the time of the service upon him of the writ of *mandamus* was or was not such overseer, the cause was submitted to a jury at the Salem Circuit.

The jury found against the defendant, and that he was, at the time mentioned, such overseer. Upon the filing of the *postea* judgment was entered thereupon, and a writ of *capias ad satisfaciendum* issued, and the damages and costs paid by the defendant under protest.

Motion is now made to set aside the writ of execution, and also to amend the *postea.*

The motion to set aside the writ is made upon the ground of irregularity.

*First.* That the damages and costs are not endorsed upon the writ in words at length. The statute requires the plaintiffs to endorse upon every *capias ad satisfaciendum,* before the delivery thereof to the sheriff, the real debt or damages due and claimed by such plaintiffs, and the costs of suit in words at length. The better construction of the act is, that

VOL. II. s

the debt or damages, and the costs are each to be written out in two distinct sums, and such is the usual practice. The endorsement on this writ is as follows: "Amount due, one hundred and eleven dollars. Damages and costs, $111." The costs are taxed at one hundred and ten dollars and ninety-four cents. The damages found, according to the *postea*, six cents. The endorsement consequently is not in strict accordance with the statute nor with the practice. But are we bound for this reason to set aside the writ? I think not; for if the statute is imperative and not merely directory, the departure from it is too immaterial, and the difference of six cents is too small to be fatal to the writ.

The amount endorsed does not exceed the damages and costs; and it would be rather strict for so small a matter to set aside the writ, and render the party relators liable to an action for false imprisonment; or to subject them to a suit for the recovery of the money.

*Second.* Again it is objected that no damages were awarded by the jury, and that, consequently, no writ of execution could lawfully be issued, inasmuch as no costs can be recovered unless damages are found. But by the *postea* it appears that the damages were assessed at six cents; and that being so, this objection is without foundation.

That leads necessarily to the other motion to amend the *postea*, which is alleged to be wrong in that particular.

The right to amend a *postea* is unquestionable. It may be corrected by the judge's notes, or by the entries or memoranda of the clerk of the circuit, 2 *Arch. Prac.* 242, or by other evidence.

It appears here, by the entry on the minutes at the circuit, that the jury found against the defendant upon the issue, and that he was such overseer of the highways, but were silent as to damages and costs.

The question is, whether the court, at this stage of the proceedings will amend the *postea* by striking out the damages there reported to have been found.

Upon the issue made by the parties, nominal damages only were claimed. The relators prevailed and maintained

the issue on their part, and were entitled to nominal damages and costs. The finding of damages by the jury is a mere matter of form, and the judge had a right to correct the verdict at the trial or by the *postea*. The rule on this point is well expressed in *Beekman* v. *Bemus*, 7 *Cowen's R.* 29. It was a case of replevin, in which nominal damages only were claimed; and the jury found a verdict for the plaintiff, omitting to find damages or costs. The judge at the circuit ordered the clerk to allow six cents costs to be added. At bar the court said : " the plaintiff was entitled to recover damages for the taking only. No special damages were claimed at the trial or proved; and, consequently, the verdict should have been for nominal damages. As this is a matter of form and follows the finding of course, the verdict may be amended by adding six cents damages."

The court has no authority to amend or alter a verdict actually found by a jury in a matter of substance. 2 *Arch. P.* 242. But in a matter of form, the verdict should be corrected according to the truth and the exigencies of the case.

Where the intention of the jury can be gathered from the language in which they render their determination, the court is bound to mould it so as to make the verdict conform to the issue. Few verdicts are rendered in language technically correct; and yet they are usually entered in due form, and if not so entered they should be amended.

The verdict in this case was rendered in favor of the relators. They were entitled to nominal damages, as of course. The omission was informal, but subject to correction; and it was properly corrected by the *postea*.

The defendant, on the filing of the *postea*, made no objection to its form, but moved to set aside the verdict upon other grounds. There is no good reason, therefore, for going back of the *postea* in pursuit of an informality, or alter a matter which has been already properly corrected.

Both motions must be denied, with costs.

ELMER, J., concurred.